IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER STUART, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0269 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION
# TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Before this Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed August 15, 2003[1] by petitioner JAMES ALEXANDER STUART, a state prisoner who was confined in the TDCJ Neal Unit in Potter County, Texas at the time of filing. Petitioner does not challenge his underlying conviction or sentence, but challenges the manner in which his sentence is being calculated, specifically, petitioner complains he has not received credit for 273 days of time served. The proper method for challenging the manner in which a sentence is being executed is by way of a petition for habeas corpus under 28 U.S.C. §2241. Since it is clear petitioner STUART is not challenging his conviction, the undersigned construes this habeas application pursuant to 28 U.S.C. §2241. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application under §2241 for federal habeas corpus relief should be DENIED.

---

[1] Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

I.
PROCEDURAL HISTORY

On November 13, 1998, in Cause Nos. 0653155D and 0653157D, both styled *The State of Texas vs. James Alexander Stuart*, out of the 213th Judicial District Court of Tarrant County, Texas, petitioner pleaded guilty to the offenses of driving while intoxicated (third) and aggravated assault with a deadly weapon. *Ex parte Stuart*, App. No. 45,759-01 at 31, 43; -02 at 33, 45. Petitioner was placed on ten years deferred adjudication for each offense. *Id*. at 31-32; -02 at 33-34. On October 21, 2002, the court proceeded with adjudication of guilt and sentenced petitioner to seven years imprisonment. *Ex parte* Stuart, App. No. 45,759-01 at 43-44; -02 at 45-46. Petitioner did not appeal his convictions after such adjudication.

On December 26, 2002, petitioner filed two identical applications for state writ of habeas corpus challenging the time credit on his sentences in Cause Nos. 0653155 and 0653157. *Ex parte* Stuart, App. No. 45,759-01 at 2; -02 at 2. On February 5, 2003, the Texas Court of Criminal Appeals denied petitioner's applications without written order. *Id*. at cover.

On August 15, 2003, the instant application for federal habeas relief was filed in this Court. On July 13, 2005, respondent filed his answer in this case arguing petitioner's claims should be dismissed because they are not cognizable on federal habeas review. On October 26, 2005, the undersigned issued a briefing order to the parties and ordered them to address several issues related to pre-sentence incarceration and custody within a Substance Abuse Felony Punishment Facility and its relation to petitioner's community supervision. Respondent filed his response on November 8, 2005 and therein asserted that pursuant to Tex. Code Crim. Pro. art. 42.03 §2(a), felony defendants in the State of Texas are not entitled to receive time credit for time spent in pre-sentence incarceration as a condition of community supervision. Petitioner has

failed to file any response to the Briefing Order or to in any way rebut respondent's assertions. In his original application, however, petitioner conceded the 273 days at issue were spent incarcerated at the Jester I Unit in Fort Bend County, Texas, a Substance Abuse Felony Punishment Facility.[2]

## II.
## PETITIONER'S ALLEGATION

Petitioner has alleged, "Applicant was held in Official Detention or confinement from December 27, 2000 untill (sic) September 25, 2001. Some (273) days which are not accounted for now on applicant's T.D.C.J. Time Credit Sheet." (Petitioner's Habeas Application, Attachment at 1). Petitioner has requested this Court to order T.D.C.J. to credit his sentence with such 273 days.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Respondent initially conceded petitioner has sufficiently exhausted his state court remedies with regard to the issues raised in the instant habeas application, and did not move for dismissal for failure to exhaust. In response to a Briefing Order issued by the Court on October 26, 2005, respondent now appears to argue petitioner has not sufficiently exhausted his federal due process claim, and has only addressed a state due process violation in his state habeas application, and is thus procedurally barred from raising it before this Court. Since petitioner's claims are addressed below and are without merit, it is not necessary to decide the exhaustion

---

[2]As discussed herein, respondent provided documentation to the Court to prove defendant's incarceration at the Jester I unite was pursuant to a condition of his supervised release.

question. A federal court may deny an unexhausted petition. 28 U.S.C. §2254 (b)(2).

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner has filed two (2) state habeas applications in the Texas Court of Criminal Appeals, one each relating to Cause Nos. 0653155D and 0653157D. The Court of Criminal Appeals denied both applications, *Ex parte Stuart*, App. No. 45,759-01 and *Ex parte Stuart*, App. No. 45,759-02 on February 5, 2003, without written order. The ruling of the Texas Court of Criminal Appeals constitutes an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.
## MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights. Based upon a review of the state court records and the pleadings of record with this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully detained in violation of the Constitution and laws of the United States.

First, petitioner has completely failed to show the denial of his habeas corpus relief by the state courts was an unreasonable determination of the facts in light of the evidence presented during the State court proceeding. Since petitioner has failed to overcome this AEDPA threshold requirement, he is not entitled to relief in federal court.

Second, petitioner's claims are not cognizable on federal habeas review. Respondent has correctly articulated, in his original response to petitioner's habeas application filed July 13, 2005 and in his response to the Court's Briefing Order filed November 8, 2005, the merits of this case and explained why relief should be denied. Respondent's analysis is correct. There is no absolute constitutional right to pre-sentence detention credit.[3] *Jackson v. Alabama*, 530 F.2d 1231, 1237 (5th Cir. 1976). Additionally, it appears from the record petitioner was sentenced to a

---

[3] There is a constitutional right to pre-sentence detention credit where a person is held for a bailable offense and is unable to make bail due solely to his indigency and said person is then, upon conviction, sentenced to the statutory maximum imposable sentence for the offense with which he is charged. *Ex parte Harris*, 946 s.W.2d 79 (Tex.Crim.App. 1997). The facts of this case do not invoke this exception.

Substance Abuse Felony Punishment Facility (S.A.F.P.F.) as a condition of his community supervision. While under Texas law a defendant is entitled to credit for time spent incarcerated from the time of arrest until the time of sentencing, such statute does not apply to confinement served as a condition of community supervision. Tex. Code Crim. Pro. art. 42.03 §2(a). The statute states,

> Sec. 2. (a)  In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.[4]

In the instant case, as articulated by respondent, petitioner was ordered to serve time in the custody of a SAFPF, the Jester I Unit, from December 29, 2000 to September 27, 2001 under a Supplement/Amendment to Conditions of Probation filed November 7, 2000 and December 17, 2001. *Ex parte Stuart*, App. No. 45,759-01 at 36-37;-02 at 38-39. Petitioner has not demonstrated that the time served in the Jester I Unit was for any purpose other than a part of his community supervision / probation. Petitioner is not entitled to credit for such time under Texas law.

## VI.
## CONCLUSION

Therefore, assuming the Texas statute, Tex. Code Crim. Pro. art. 42.03 §2(a), creates a liberty interest in a defendant receiving credit for back-time, and assuming petitioner has

---

[4] As stated by respondent, this statutory provision applies to petitioner STUART because it became effective for offenses committed on or after September 1, 1993 and petitioner committed the offenses it issue herein on April 13, 1997. *Ex parte Stuart*, App. No. 45,759-01 at 24; -02 at 26.

exhausted his federal claim that the denial of back-time credits constituted a denial of due process, petitioner is not entitled to federal habeas corpus relief since the state statute creating such liberty interest expressly exempts any time served as a condition of community supervision.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JAMES ALEXANDER STUART be DENIED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of December 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In

the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).